**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 18-21-SDD-RLB |
| TRAVIS R. JAMES, ET AL. | |

### RULING

This matter is before the Court on the *Motion to Sever*[1] filed by Defendant Michael D. Nelson ("Nelson") and adopted by some co-Defendants.[2] The Government has filed an *Opposition*[3] to this motion. For the following reasons, the Court denies Nelson's motion.

**I.  BACKGROUND**

Nelson is one of fifteen Defendants charged in a drug conspiracy to distribute and to possess with the intent to distribute cocaine, crack cocaine, and heroin between around April 2017 and continuing until around January 2018 in the Middle District of Louisiana and elsewhere.[4] Nelson is charged in Count One with Conspiracy, Count Four with Possession with the Intent to Distribute 500 or More Grams of Cocaine, and Count Fourteen with Unlawful Use of Communication Facilities.[5] Nelson now moves for severance, arguing that the multitude and variety of charges and Defendants preclude

---

[1] Rec. Doc. No. 120.
[2] While some co-Defendants have adopted Nelson's motion, *see* Rec. Doc. No. 254, only Nelson has submitted a memorandum of law and argument as to why his trial should be severed from that of his co-Defendants. Accordingly, while this *Ruling* applies to all moving Defendants, the Court will address only the arguments made by Nelson as they are the only arguments before the Court.
[3] Rec. Doc. No. 185.
[4] Rec. Doc. No. 1.
[5] *Id.*

Document Number: 48646

him from receiving a fair trial. The Government opposes Nelson's motion based on the applicable law, and it urges that the Court is capable of curing any potential prejudice with limiting instructions.

## II.  LAW AND ANALYSIS

Under the Federal Rules of Criminal Procedure, offenses may be charged in the same indictment if those offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or constitute parts of a common scheme or plan.[6] Regarding joinder of defendants, Rule 8(b) provides that the indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) further provides, "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

There is a well-recognized preference in the federal system for joint trials of defendants who are indicted together.[7] This preference applies particularly in conspiracy cases.[8] Indeed, the Supreme Court has held that trying defendants together generally serves the interests of justice and promotes efficiency.[9]

Rule 14 of the Federal Rules of Criminal Procedure provides: "[i]f the joinder of offenses or defendants in an indictment ... or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the

---

[6] FED. R. CRIM. P. 8(a).
[7] *Zafiro v. U .S.*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *see also United States v. Rocha*, 916 F.2d 219, 228 (5th Cir.1990) (articulating the general rule that "persons that are indicted together should be tried together.").
[8] *U.S. v. Stalnaker*, 571 F.3d 428, 434 (5th Cir. 2009).
[9] *Zafiro*, 506 U.S. at 537–38.

defendants' trials, *or provide any other relief that justice requires*."[10] The test for severance based on Rule 14 considers whether the jury could reasonably sort out the evidence and view each defendant and related evidence separately.[11] If a trial court determines that cautionary instructions are sufficient, severance is not required.[12] In fact, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."[13]

In this matter, the Court finds that the Defendants have been properly joined together, as they are each charged with a role in the same conspiracy, which is part of the "same series of acts or transactions, constituting an offense or offenses," as required by Rule 8(b).[14]

Nelson argues that he will be unfairly prejudiced by a joint trial because he claims: (1) "the vast majority" of evidence in this case pertains to other Defendants;[15] (2) "the jury may use the evidence of allegations of crimes not specifically charged against Mr. Nelson to infer [his] criminal disposition";[16] (3) the jury "may cumulate the disparate evidence pertaining to other defendants, and/or evidence of their reputation[s] and other crimes" and impute that guilt to Nelson;[17] and (4) he may be unduly prejudiced by firearms evidence because he has not been charged with a firearms offense.[18]

---

[10] Emphasis added.
[11] *U.S. v. Merida*, 765 F.2d 1205, 1219 (5th Cir.1985).
[12] *Id.*; *Zafiro*, 506 U.S. at 539.
[13] *Zafiro*, 506 U.S. at 538–39.
[14] *See also Rocha*, 916 F.2d at 228 ("Because the indictment alleged that each of the defendants participated in the same conspiracy, the requirements of Rule 8 have been satisfied and joinder was proper.").
[15] Rec. Doc. No. 120-1 at 3.
[16] *Id.*
[17] *Id.*
[18] *Id.*

While there may be the possibility of prejudice in a joint trial, this possibility alone does not warrant severance. Rather than severance, the Court finds that it can sufficiently mitigate the possibility of prejudice through jury instructions and by continuing to monitor this case as it progresses to trial.[19] Indeed, this Court successfully utilized limiting instructions in a recent drug conspiracy trial with facts and issues similar to those presented herein.[20] Accordingly, the Court finds that, in light of alternative remedies, severance is not necessary to avoid the possibility of prejudice.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Sever*[21] filed by Defendant Michael D. Nelson, and to the extent such motion is adopted by any co-Defendants, is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 31st day of October, 2018.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] *See Rocha*, 916 F.2d at 228–29 (reiterating that "severance is not required, even where the quantum and nature of the proof in each case is different, so long as the trial court repeatedly gives cautionary instructions.... Similarly, evidence of the reputation or past crimes of one co-defendant ... does not ordinarily justify severance."); *see also U.S. v. Bullock*, 71 F.3d 171, 175 (5th Cir.1995) (noting that juries are presumed to follow the court's instructions).
[20] *See United States v. Boyer*, No. 13-057-JJB, 2013 WL 6243860 (M.D. La. Dec. 3, 2013).
[21] Rec. Doc. No. 120.